UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUES LONDON SAMUEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT,<br><br>　　　　Defendant. | Case No. 16-cv-05560-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate in the San Francisco County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the San Francisco Sheriff's Department.[1]  Plaintiff's application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 4.)

F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that he is a "validated" member of a gang called the Portrero Hill Gang, and that Sherriff's Department officials at the county jail knowingly allowed him to be in the same classroom with a member of a rival gang called the Page Street Gang. When he inquired about this, officials told him that members of rival black gangs are not separated, unlike members of rival Mexican gangs, because members of rival black gangs do not always attack each other on sight but rival Mexican gang members do. Plaintiff claims that this practice constitutes cruel and unusual punishment by exposing him to dangerous inmates, as well as discrimination on the basis of race. He seeks monetary damages, as well as injunctive relief to stop recurrence of his exposure to members of a rival gang.

Plaintiff's allegations do not state a claim that Defendant violated his constitutional right to be free from cruel and unusual punishment. First, as Plaintiff is in the county jail and presumably a pretrial detainee, his claim falls under the Fourteenth Amendment's Due Process Clause not the

1 Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S.
2 520, 535 (1979).
3     Second, the allegations that he was exposed to harm from other inmates are not sufficient
4 to state a failure-to-protect due process claim. In the context of claims for failure to protect an
5 inmate from harm from other inmates, a pretrial detainee must prove that Defendant acted with
6 "more than negligence but less than subjective intent -- something akin to reckless disregard."
7 *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068-71 (9th Cir. 2016) (en banc). The elements
8 of a pretrial detainee's due process failure-to-protect claim are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1071 (footnote omitted).

    Plaintiff has not provided sufficient allegations on the second element. He does not allege that he was attacked by members of the Page Street Gang, or that members of that gang commonly attack members of Plaintiff's gang on sight or otherwise present a substantial risk of harm to him. He simply alleges that they were a "rival" gang; without specific allegations that the rivalry presents a substantial risk of harm at the level of exposure Plaintiff experienced, the second element of a due process claim is not adequately pled. Similarly, because Plaintiff has not alleged that the Page Street Gang members commonly attack Portrero Hill Gang members, he has not satisfied the third element that a reasonable officer would know not to allow members of the two gangs in the same room. Consequently, the claim must be dismissed. It is also noted that because Plaintiff does not allege that he was hurt in the incident, there is no basis for him to collect monetary damages on this claim, although the lack of physical harm to him would not preclude the availability of injunctive relief assuming he can satisfy all of the elements of the claim. *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (prisoner need not wait until he is actually assaulted

1  or harmed to state a claim and obtain relief).  Plaintiff will be granted leave to amend his
2  complaint to attempt to cure the deficiencies in Plaintiff's failure-to-protect claim  due process
3  claim.
4        Plaintiff's claim of racial discrimination is also not sufficiently pled.  "Prisoners are
5  protected under the Equal Protection Clause of the Fourteenth Amendment from invidious
6  discrimination based on race."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted).
7  A prison classification based on race is immediately suspect and requires officials to demonstrate
8  that the race-based policy or action is narrowly tailored to serve a compelling state interest.
9  *Johnson*, 543 U.S. at 505-06, 510-11.  A claim of racial discrimination under the Equal Protection
10  Clause also requires demonstration of discriminatory intent.  *Washington v. Davis*, 426 U.S. 229,
11  239-40 (1976).  The first step in determining whether the inmate's equal protection rights were
12  violated is to identify the relevant class of prisoners to which he belongs.  *Furnace v. Sullivan*, 705
13  F.3d 1021, 1030 (9th Cir. 2013).  The class must be comprised of similarly situated persons so that
14  the factor motivating the alleged discrimination can be identified.  *Id.* at 1031.
15        Plaintiff has alleged that he is not similarly situated to inmates who are being treated
16  differently from him.  Specifically, he has alleged that he is a member of a different gang than the
17  Mexican gangs who are kept separate from each other.  He has alleged that the jail policy is
18  treating inmates differently based upon the gang they are in, not based upon their race.  Under
19  such a policy, a black member of a Mexican gang would be treated similarly to any other members
20  of that gang regardless of their race, as would any person of any race who is a member of a black
21  gang.  In other words, he has alleged that it is the inmate's gang membership and that gang's
22  known history --- as opposed to the inmate's race --- that determines whether jail officials separate
23  the inmate from rival gang members.  It may well be that all members of the black gangs are black
24  and all members of the Mexican gangs are Mexican, and it may also be that the black gangs have
25  the same history as the Mexican gangs, but if that is the case, Plaintiff has not so alleged.
26  Consequently, his claim of racial discrimination must be dismissed, albeit with leave to file an
27  amended complaint in which he attempts to make the allegations necessary to state a cognizable
28  equal protection claim.

**CONCLUSION**

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amendment must include the caption and civil case number used in this order (No. C 16-5560 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 27, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge